```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ENRICA-ANNE M. MONTALBANO,      *        CIVIL ACTION
ET AL

VERSUS                          *        NO: 06-7699

CENTURY SURETY COMPANY, ET      *        SECTION: "D"(3)
AL
```

## ORDER AND REASONS

Before the court are the following motions:

(1) **"Motion for Summary Judgment or Alternatively Motion to Dismiss"** filed by Defendants, Eric C. Huerta and The Premiere Group Insurance Agency, L.L.C. (Premiere); and

(2) **"Motion to Remand"** filed by Plaintiff, Enrica-Anne M. Montalbano.

The motions, which were set for hearing on Wednesday, December 19, 2007, are before the courts on the briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that Defendants' Motion for Summary Judgment should be granted and Plaintiff's Motion to Remand should be denied.

## I.  Background

Plaintiff (allegedly the sole member of the Maison Bourbon Jazz Club, LLC) initially filed this Hurricane Katrina suit in the Civil District Court for the Parish of Orleans, State of Louisiana, claiming that, as a result of Hurricane Katrina, the Maison Bourbon Jazz Club, LLC, sustained damages including property damage and business interruption.  She further claims that the property was insured by Century under a commercial insurance policy, that was "purchased based on the recommendation and expertise provided by defendant, Eric C. Huerta as a member of/and Premiere Metro Group Insurance Agency, LLC."  (Petition at ¶ 8).[1]

---

[1]     According to the Affidavit of Plaintiff, Enrica-Anne M. Montalbano,

   1)   Her Mother Francis Montalbano was the sole owner and proprietor of the Maison Bourbon prior to her death [on] October 28, 2004.

   2)   Prior to her assumption as owner the Maison Bourbon was a D/B/A and not in any incorporated.

   3)   Her Mother Francis Montalbano passed away on October 28, 2004.

   4)   That as a result of her [mother's] death her (*sic*) and her Aunt Patricia Burnette Mehrtens the Executor of her Mothers (*sic*) Estate and Office Manager of the Mason (*sic*) Bourbon converted the Mason (*sic*) Bourbon from a Sole Proprietorship to a Limited Liability Company in June of 2005 with Enrica-Anne M. Montalbano being appointed as the sole member manager of the new Mason (*sic*) Bourbon Jazz Club, LLC.

   5)   As a result of this conversion to the best of the plaintiff, (*sic*) information, knowledge and belief Enrica-Anne M. Montalbano had direct dealings with premiere Metro Group Insurance

Plaintiff claims that her claims made under the subject Century policy have been denied "based on the damages being caused, at least in part by flooding and being excluded as per the exclusion forms submitted on behalf of the Maison Bourbon Jazz Club..." (Petition at ¶ 16).

The subject Century policy excludes coverage for wind and hail damage and it does not include coverage for loss of business income. (*See* Defendants' Exs. 2 & 6, Huerta Affidavit and Century policy).

Plaintiff seeks damages from Defendants under LSA-R.S. 22:658 and LSA-R.S. 22:1220.[2] Plaintiff also claims that Defendants Huerta and Premiere were negligent and breached their fiduciary duty to plaintiff "in not advising plaintiff of the availability or need for additional coverage" and "by directly or indirectly informing plaintiff that the policy sold to plaintiff would cover

---

> Agency, LLC, in order to convert the policy to
> the new companies (*sic*) name and new owners
> (*sic*) name and this would include signing a new
> policy as a deceased party (Francis Montalbano)
> cannot be an insured.
>
> . . .

(*See* Affidavit of Plaintiff, Enrica-Anne M. Montalbano, attached to Plaintiff's Opp. as Ex. D; *see also* Affidavit of Patricia Burnette Mehrtens, attached to Plaintiff's Opp. as Ex. D).

[2] Plaintiff also named as a Defendant, Universal Specialty Underwriters of Louisiana, Inc. (Universal). But, upon the Joint Motion to Dismiss, Universal has been dismissed from this matter. (*See* Motion, Doc. No. 34, and Order, Doc. No. 36).

'all hurricane damages.'"  (Petition at ¶¶ 29&30).

Defendant, Century Surety Company Century), removed the matter to this court on the basis of diversity jurisdiction between Plaintiff (a citizen of Louisiana) and Century (a citizen of another state).[3]  Century also claims that while Defendants, Huerta and Premiere, are citizens of Louisiana, they were improperly joined as defendants in this matter because the claims against them are prescribed and/or preempted.

## II.  Legal Analysis

Under Louisiana law, insurance agents have a duty to supply their customers with correct information, and they may be liable for negligent misrepresentation when they provide incorrect information and the insured is thereby damaged. *See e.g., Venture Assocs. Inc. v. Transportation Underwriters*, 634 So.2d 4, 6-7 (La. App. 3rd Cir. 1994).  Further, a plaintiff may recover for his insurance agent's failure to procure requested insurance coverage. *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730 (La. 1973).

In determining whether or not Plaintiff's claims against

---

[3] The court notes that while Defendant also asserted jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. §1369, and alternative piggy-back jurisdiction afforded by 28 U.S.C. §1441(e)(1)(A), in its removal papers, it has abandoned such assertions in its opposition to Plaintiff's Motion to Remand, concentrating only on its assertion of improper joinder and diversity jurisdiction.

4

Huerta and Premiere are prescribed and/or perempted, the court looks to LSA-R.S. 9:5606 which provides:

> A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue **within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.**
>
> B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
>
> C. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
>
> D. **The one-year and three-year periods of limitation** provided in Subsection A of this Section are **peremptive periods** within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, **may not be renounced, interrupted, or suspended.**

LSA-R.S. 9:5606 (emphasis added).

In this matter, Plaintiff does not allege fraud, thus Plaintiff was required to file suit against Huerta and Premiere "within one year of [her] knowledge or constructive knowledge of the act, omission, or neglect that led to the cause of action, and no later than three years after the act, omission, or neglect actually occurred." *Campbell v. Stone Ins., Inc.*, __ F.3d __, 2007 WL 4248211 (5th Cir. Dec. 5, 2007).

Based on the uncontested facts and the reasoning of the Fifth Circuit's recent decision, *Campbell v. Stone Ins., Inc.*, __ F.3d __, 2007 WL 4248211 (5th Cir. Dec. 5, 2007),[4] the court concludes that Plaintiff's claims against Huerta and Premiere are barred by the one-year peremption provision of LSA-R.S. 9:5606.

In her opposition memorandum, Plaintiff states that: "The negligent act giving rise to plaintiff's claims occurred in **May, June and July 2005**, when Huerta/Premiere negligently or intentionally misrepresented to plaintiff that the Maison Bourbon was covered for "everything".  (Opp. Memo. at p. 12, emphasis added).

The record further establishes that in May 2004, Francis Montalbano chose the coverage to be placed for the Maison Bourbon

---

[4] The *Campbell* decision involves similar issues: the removal of an insured's case against a diverse insurer and non-diverse agent based on improper joinder.

Jazz Club.  (*See* Defendants' Ex. 4, Affidavit of Eric C. Huerta at ¶5).  Francis Montalbano was quoted premiums for policies with and without wind and hail exclusions, and she chose to exclude the coverage.  (*Id*.).  Further, she was offered coverage for loss of business income and for the contents of the club, but she declined due to additional cost.  (*Id*.).  She never requested flood insurance coverage of the club.  (*Id*.).

Defendant Eric Huerta sent Francis Montalbano a copy of the initial Century policy in July 2004. (*Id.* at ¶6).

After the death of Francis Montalbano, Patricia Mehrtens (the Executrix of the Estate of Francis Montalbano)[5] renewed the subject policy in May 2005.  (Id. *at* ¶7).  Ms. Mehrtens approved the insurance quote that was sent to her for the renewal by signing it on behalf of the Estate of Francis Montalbano, and she sent it back to Huerta by May 9, 2005.  (*Id.; see also* Defendants' Ex. 4, Quote signed by Ms. Mehrtens)  The only change made to the policy was to add $30,000 coverage for business contents. (Huerta Affidavit at ¶7). No other type of insurance coverage was requested by Ms. Mehrtens at that time.  (*Id.*).

It is undisputed that Patricia Mehrtens (acting as executrix for the estate of Francis Montalbano) was mailed a copy of the

---

[5]    *See* footnote 1, *supra.*

subject policy in **June 2005.** At that time, Ms. Mehrtens was invited to contact Eric Huerta if she needed any further information regarding insurance coverage, but she did not further request any additional type of insurance coverage, or limits of coverage, after the policy was mailed to her in June 2005. (*Id.* at ¶8; *see also* Defendants' Ex. 5, fax transmittal sheet sent to Ms. Mehrtens). Plaintiff filed the instant lawsuit on **August 28, 2006**.

The policy clearly has a windstorm exclusion, and flood coverage is not provided. Further, there is no provision for business interruption coverage. (*See* Defendants' Exs. 6-7, Century policy and exclusions). "Louisiana law imposes a duty on the insured to read and know his or her insurance policy provisions." *Campbell*, 2007 WL 4248211 *4 (citations omitted).

The insurance quote (signed by Ms. Mehrtens) and policy language should have "excited attention" and put the plaintiff "on guard" of any misrepresentation at the very latest by **July 2005.** *Campbell*, 2007 WL 4248211 *4. Any misrepresentation from the agent stating that the policy included coverage for windstorm damage, flood damage and business interruption coverage would have been contradicted by the policy and would have put Plaintiff on "constructive notice of the misrepresentation." *Id*. Thus, the one-year peremptive period ended in **July 2006**, before this suit was

filed (on August 28, 2006).  *Id*.

Because Plaintiff's claims against Defendants Eric Huerta and Premiere are perempted, Plaintiff has no viable claims against them and they are improperly joined in this matter.  Accordingly;

**IT IS ORDERED** that Defendants' **Motion for Summary Judgment** be and is hereby **GRANTED**, and Defendants Eric C. Huerta and The Premiere Group Insurance Agency, L.L.C. are **DISMISSED as improperly joined;** and

**IT IS FURTHER ORDERED** that Plaintiff's **Motion to Remand** be and is hereby **DENIED,** as the matter was properly removed on the basis of diversity jurisdiction with improper joinder of Defendants Eric C. Huerta and The Premiere Group Insurance Agency, L.L.C.

New Orleans, Louisiana, this **2nd** day of **January**, **2008**.

_____
**A.J. McNAMARA**
UNITED STATES DISTRICT JUDGE